## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 18-cv-05364 |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## UNOPPOSED AMENDED MOTION FOR APPROVAL OF MINOR'S SETTLEMENT

Petitioner, HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, by his attorneys, TOMASIK KOTIN KASSERMAN, LLC, petitions this Honorable Court for leave to accept and distribute $190,000.00, which has been offered by Defendant, UNITED STATES OF AMERICA, as settlement of all matters of controversy in the underlying negligence action, and in support thereof states as follows:

### BACKGROUND

1.     This case involves a circumcision procedure at Adventist Bolingbrook Hospital. On August 28, 2015, Sandra Jensen gave birth to Liam Bach Crnecki at Adventist Bolingbrook Hospital. Liam Bach Crnecki's newborn exam was normal. The next day, on August 29, 2015, Giovanni Curcio, M.D., performed a circumcision on Liam Bach Crnecki. During the circumcision procedure, Dr. Curcio amputated the distal glans of Liam Bach Crnecki's penis.

2.     On February 16, 2016, Petitioner filed his medical malpractice complaint captioned Hrvoje Crnecki, as Father and Next Friend of Liam Crnecki, a minor v. Giovanni Curcio, M.D., case # 16 L 1531, in the Circuit Court of Cook County, Illinois. (*See* Plaintiff's Complaint at Law, attached as **Exhibit 1**).

3.       On April 13, 2016, the Circuit Court of Cook County granted plaintiff's motion to appoint a special process server.

4.       On May 12, 2016, plaintiff's special process server effectuated service on defendant, Giovanni Curcio, M.D.

5.       After months of litigation, on July 26, 2016, the United States Attorney's office, after hearing on motion, removed the case to the United States District Court for the Northern District of Illinois, and the United States of America was substituted as the federal defendant in place of Dr. Curcio pursuant to 42 U.S.C. § 233. (*See* Notice of Removal, attached as **Exhibit 2**).

6.       On September 18, 2017, plaintiff settled his case with the United States of America.

## SETTLEMENT DETAILS

7.       After protracted settlement discussions, Petitioner and his attorneys have agreed that the defendant's settlement offer of $190,000.00 is fair and reasonable and recommend it to the Court.

8.       By way of settlement, defendant has offered to pay the following sums to plaintiff:

a.   An immediate cash payment of $65,000.00 paid as follows:

Petitioner asks this court to approve the payment of attorney's fees attributable to the preparation and litigation of this lawsuit in the amount of $47,500, representing one-quarter (25%) of the total settlement.

Plaintiff and his attorneys request this court to approve the reimbursement of expenses incurred in the litigation of this case in the amount of $3,240.67, as itemized below:

| DATE | PAYEE | DESCRIPTION | AMOUNT |
|---|---|---|---|
| 9/10/2015 | Healthport | Medical Records | $118.64 |
| 11/25/2015 | Expert fee | Review of Records | $1,200.00 |
| 2/11/2016 | Clerk of the Circuit Court of Cook County | Court Cost – Complaint Filing Fee | $589.00 |
| 2/11/2016 | Sheriff of DuPage County | Court Cost – Service of Summons Fee | $60.00 |
| 4/07/2016 | Spahn-Breckinridge | Investigations | $598.18 |
| 4/13/2016 | Clerk of the Circuit Court | Filing Fee | $12.00 |
| 5/19/2016 | ATG Legal Service | Service of Process | $216.00 |
| 10/06/2016 | Record Copy | Records | $345.97 |
| 11/23/2016 | Certified Mail to US Department of Health and Human Services | Demand Letter postage | $100.88 |
| | | | $3,240.67 |

The remaining balance of $14,259.33 shall be paid for deposit only in the name of Liam Crnecki, a minor, in an interest-bearing account. The funds will be available to Liam Crnecki upon reaching the age of majority without any further order of the Court.

b. Periodic payments to Liam Crnecki (Payee) made according to the Schedule of Payments as follows:

$54,397.12 annually, commencing 09/01/2033 and continuing for 4 years certain only (4 guaranteed payments)

The periodic payments will be funded by an annuity contract issued by Metropolitan Tower Life Insurance Company, rated A+XV by AM Best, and having a total cost of $125,000.00. The annuity contract will be owned solely and exclusively by the United States of America.

WHEREFORE, Petitioner respectfully requests this court's approval of an order of distribution and dismissal in accordance with the foregoing petition in this case.

Dated: December 12, 2018

/s/ Timothy S. Tomasik
Timothy S. Tomasik
Philip P. Terrazzino
Tomasik Kotin Kasserman
161 N. Clark St., Ste. 3050
Chicago, Illinois 60601
tim@tkklaw.com
*Attorney for Plaintiff, HRVOJE CRNECKI,*
*as Father and Next Friend of LIAM*
*BACH CRNECKI, a Minor*

AUSA – Chicago
United States Attorney's Office
219 South Dearborn St.
Chicago, Illinois 60604
usailn.ecfausa@usdoj.gov
*Attorney for Defendant, United States of*
*America*

## CERTIFICATE OF SERVICE

I certify that on this 12ᵗʰ day of December 2018, I filed the foregoing with the Clerk of the Court and sent same to all attorneys of record.

AUSA – Chicago
United States Attorney's Office
219 South Dearborn St.
Chicago, Illinois 60604
usailn.ecfausa@usdoj.gov

/s/ Timothy S. Tomasik
Timothy S. Tomasik
TOMASIK KOTIN KOSSERMAN, LLC
*Attorneys for Plaintiff*
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
(312) 605-8800

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

HRVOJE CRNECKI, as Father and Next )
Friend of LIAM BACH CRNECKI, a Minor, )
                                                   )
                            Plaintiffs, )
                                                   )
    v.                                             )      No. 18-cv-05364
                                               )
UNITED STATES OF AMERICA, )
                                               )
                           Defendant. )

## ORDER APPROVING SETTLEMENT OF MINOR'S CAUSE OF ACTION
## AND DISTRIBUTION OF SETTLEMENT PROCEEDS

Upon the petition of the parties hereto through their respective attorneys for the entry of an order approving a settlement in the amount of $190,000.00, the court finds as follows:

1.  The Unopposed Motion for Approval of Minor's Settlement is GRANTED;

2.  Petitioner's Attorneys are entitled to $47,500 in attorneys' fees and $3,240.67 in costs.

3.  $14,259.33 shall be paid into the registry of the court for the benefit of the Minor.

4.  The remaining net settlement of $125,000.00 will be used to purchase a qualified settlement annuity as set forth in the Motion.

**IT IS FURTHER ORDERED** that this case is dismissed with prejudice and without costs.

 

 

                                              _____

                                                      JUDGE

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

HRVOJE CRNECKI, as Father and Next )
Friend of LIAM BACH CRNECKI, a Minor, )
  )
Plaintiffs, )
  )
      v. )
  )
GIOVANNI CURCIO, M.D., )
  )
      Defendant. )

2016L001531
CALENDAR/ROOM F
No.   TIME 00:00
Medical Malpractice

*Plaintiff Demands a Trial by Six-
Person Jury.*

### COMPLAINT AT LAW

### COUNT I - MEDICAL NEGLIGENCE

Plaintiffs, HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a

Minor, by and through their attorneys, TOMASIK KOTIN KASSERMAN, LLC, complaining of

the Defendant, GIOVANNI CURCIO, M.D. (hereinafter "CURCIO"), and state as follows:

1.     On and before August 29, 2015, Defendant, CURCIO, was a physician duly licensed to

practice medicine in the State of Illinois specializing in obstetrics and gynecology.

2.     On and before August 29, 2015, Defendant, CURCIO, practiced obstetrics and gynecology

in Cook County at Westlake Community Hospital and Gottlieb Memorial Hospital.

3.     On and before August 29, 2015, Defendant, CURCIO, maintained a residence in Chicago,

Cook County, Illinois.

4.     On August 28, 2015, Plaintiff, LIAM BACH CRNECKI was born at Adventist

Bolingbrook Hospital and passed a normal newborn exam.

5.     On August 29, 2015, Plaintiff, LIAM BACH CRNECKI underwent a circumcision

procedure using a clamp performed by Defendant, CURCIO, at Adventist Bolingbrook Hospital.

EXHIBIT 1

6.     On August 29, 2015, during the circumcision procedure, Defendant, CURCIO, amputated a portion of LIAM BACH CRNECKI's penis.

7.     On and before August 29, 2015, Defendant, CURCIO, had the duty to possess and use the knowledge, skill, and care ordinarily used by a reasonably careful physician under similar circumstances.

8.     On and before August 29, 2015, Defendant, CURCIO, was negligent in the following respects:

      a.    Failed to adequately examine the glans (head) of the penis and foreskin for the presence of adhesions and synechiae prior to circumcision;

      b.    Failed to adequately remove adhesions and synechiae located between the foreskin and the glans (head) of the penis prior to the application of the clamp.

      c.    Failed to implement the appropriate surgical technique during the circumcision;

      d.    Failed to properly use the clamp in performing the circumcision;

      e.    Amputated the glans of the penis while using the clamp;

      f.    Failed to protect the penis from injury; and/ or

      g.    Cut tissue from a patient's body without first determining what he was cutting.

9.     As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, Plaintiff, LIAM BACH CRNECKI, sustained injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiffs, HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, request judgment against the Defendant, GIOVANNI CURCIO, M.D., in an amount of money in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT II - MEDICAL NEGLIGENCE - RES IPSA LOQUITUR

Plaintiffs, HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, by and through their attorneys, TOMASIK KOTIN KASSERMAN, LLC, complaining of the Defendant, GIOVANNI CURCIO, M.D. (hereinafter "CURCIO"), and state as follows:

1-9.    Plaintiffs adopt and reallege the allegations contained in Paragraphs 1-9 of Count I as Paragraphs 1-9 of this their Count II.

10.    On August 29, 2015, while the clamp was under the exclusive management and control of Defendant, CURCIO, Plaintiff, DANIEL R. BURDEN, suffered injuries of a personal and pecuniary nature.

11.    In the normal or ordinary course of events, the amputation of the glans (head) of the penis would not have occurred, had Defendant, CURCIO, used a reasonable professional standard of care while the clamp was under his management and control.

12.    While the clamp was under the defendant's exclusive control and management and as a direct and proximate result of defendant's negligence, Plaintiff, LIAM BACH CRNECKI, suffered injuries.

WHEREFORE, the Plaintiffs, HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, request judgment against the Defendant, GIOVANNI CURCIO, M.D., in an amount of money in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT III - FAMILY EXPENSE ACT

Plaintiffs, HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, by and through their attorneys, TOMASIK KOTIN KASSERMAN, LLC, complaining of the Defendants, GIOVANNI CURCIO, M.D. (hereinafter "CURCIO") state as follows:

3

1-9. Plaintiffs adopt and reallege the allegations contained in Paragraphs 1-9 of Count I as Paragraphs 1-9 of this their Count III.

10. On August 29, 2015, Plaintiff HRVOJE CRNECKI, was the father and legal guardian of LIAM BACH CRNECKI, a minor.

11. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, CURCIO, Plaintiff HRVOJE CRNECKI, father of LIAM BACH CRNECKI, became obligated for various hospital and medical expenses and is entitled to recover the amount of those expenses pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

WHEREFORE, the Plaintiffs, HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, request judgment against the Defendant, GIOVANNI CURCIO, M.D., in an amount of money in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County, Illinois.

_____
One of Plaintiffs' Attorneys

Timothy S. Tomasik
Philip P. Terrazzino
Attorneys for Plaintiffs
TOMASIK KOTIN KASSERMAN, LLC
10 S. LaSalle Street, Suite 2920
Chicago, Illinois 60603
(312) 605-8800
(312) 605-8808 Fax
tim@tkklawfirm.com
phil@tkklawfirm.com
www.tkklawfirm.com
Firm I.D. No. 56323

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. |
| GIOVANNI CURCIO, M.D., | ) ) ) | |
| Defendant. | ) | |

### RULE 222(b) AFFIDAVIT

I, TIMOTHY S. TOMASIK, state under oath:

1.  I am an attorney associated with TOMASIK KOTIN KASSERMAN, LLC, and am responsible for filing the Complaint at Law in this matter.

2.  The total money damages sought by Plaintiff does exceed $50,000.00, exclusive of interest and costs.

_____
TIMOTHY S. TOMASIK

Subscribed and Sworn to before me
this 11th day of February, 2016.

_____
Notary Public

OFFICIAL SEAL
SHAYNA M REVER
Notary Public - State of Illinois
My Commission Expires Feb 5, 2017

Timothy S. Tomasik
Philip P. Terrazzino
TOMASIK KOTIN KASSERMAN, LLC
10 South LaSalle Street, Suite 2920
Chicago, Illinois 60603
(312) 605-8800
(312) 605-8808 Fax
Firm I.D. No. 56323
tim@tkklawfirm.com
phil@tkklawfirm.com
www.tkklawfirm.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, | ) ) ) | |
| Plaintiff, | ) ) | No. 16 C 7561 |
| v. | ) ) ) | Formerly Case No. 2016 L 1531 Circuit Court of Cook County, Illinois |
| GIOVANNI CURCIO, M.D., | ) ) ) | |
| Defendant. | ) | |

**NOTICE OF FILING**

To:   Dorothy Brown                    Timothy S. Tomasik
      Clerk of the Circuit Court       Tomasik Kotin Kassermann, LLC
      Richard J. Daley Center, Room 1001  10 South LaSalle Street, Suite 2920
      50 West Washington Street      Chicago, Illinois 60603
      Chicago, Illinois 60602

     PLEASE TAKE NOTICE that on July 26, 2016, the United States, by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, filed its notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, and 42 U.S.C. § 233.

                    Respectfully submitted,

                    ZACHARY T. FARDON
                    United States Attorney

               By: s/ Jaret R. Fishman
                    JARET R. FISHMAN
                    Special Assistant United States Attorney
                    219 South Dearborn Street
                    Chicago, Illinois 60604
                    (312) 886-9082
                    jaret.fishman@usdoj.gov

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HRVOJE CRNECKI, as Father and Next<br>Friend of LIAM BACH CRNECKI, a Minor , | )<br>)<br>) | |
| Plaintiff | )<br>) | No.   16 C 7561 |
| v. | )<br>) | Formerly Case No. 2016 L 001531 |
| GIOVANNI CURCIO, M.D., | )<br>) | Circuit Court of Cook County, Illinois |
| Defendant. | )<br>) | |

## <u>ATTORNEY DESIGNATION</u>

Please take notice that the undersigned Assistant United States Attorney has been designated in the above captioned case. This designation is provided for informational purposes only and does not constitute an appearance, a motion, or a responsive pleading and does not waive any defenses. *See* LR 83.16(b).

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Jaret R. Fishman
JARET R. FISHMAN
Special Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9082
jaret.fishman@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

NOTICE OF REMOVAL OF A CIVIL ACTION AND SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

NOTICE OF FILING

ATTORNEY DESIGNATION

was served pursuant to the District Court's ECF system as to ECF filers, if any, and were sent by certified mail on July 26, 2016, to the following non-ECF filers:

Timothy S. Tomasik
Tomasik Kotin Kassermann, LLC
10 South LaSalle Street, Suite 2920
Chicago, Illinois 60603

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Jaret R. Fishman
JARET R. FISHMAN
Special Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9082
jaret.fishman@usdoj.gov

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, | ) ) ) |
| Plaintiff, | ) No. 16 C 7561 ) |
| v. | ) ) Formerly Case No. 2016 L 1531 |
| GIOVANNI CURCIO, M.D., | ) Circuit Court of Cook County, Illinois ) |
| Defendant. | ) |

## NOTICE OF REMOVAL OF A CIVIL ACTION AND SUBSTITUTION OF THE UNITED STATES OF AMERICA AS DEFENDANT

To:  Dorothy Brown                          Timothy S. Tomasik
     Clerk of the Circuit Court             Tomasik Kotin Kassermann, LLC
     Richard J. Daley Center, Room 1001     10 South LaSalle Street, Suite 2920
     50 West Washington Street              Chicago, Illinois 60603
     Chicago, Illinois 60602

        The United States, by its attorney, Zachary T. Fardon, United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

        1.      On February 16, 2016, plaintiff Hrvoje Crnecki, as father and next friend of Liam

Bach Crnecki, a minor, commenced the above civil action against Giovanni Curcio, M.D.,

alleging medical malpractice.  A copy of the state court complaint is attached as Exhibit A.  For

purposes of this lawsuit, Giovanni Curcio, M.D.'s services were rendered in connection with his

employment at Visiting Nurse Association of Fox Valley, a/k/a VNA Health Care ("VNA Health

Center"), which is a private entity that receives grant money from the Public Health Service

pursuant to 42 U.S.C. § 233.  Exhibit B.  Giovanni Curcio, M.D. was acting within the scope of

his employment at the VNA Health Center with respect to the incidents referred to in the complaint. *Id.*

2.     This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that VNA Health Center was a private entity receiving grant money from the Public Health Service and that defendant Giovanni Curcio, M.D., was acting within the scope of his employment at the VNA Health Center with respect to the incidents referred to in the complaint.  Exhibit B.

3.     This notice of removal may be filed without bond at any time before trial.  42 U.S.C. § 233(c).  Trial has not yet been had in this action.

4.     Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendant Giovanni Curcio, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as a defendant in the place of Giovanni Curcio, M.D.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Jaret R. Fishman
    JARET R. FISHMAN
    Special Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-9082
    jaret.fishman@usdoj.gov

2

# Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

HRVOJE CRNECKI, as Father and Next )
Friend of LIAM BACH CRNECKI, a Minor, )
)
Plaintiffs, )
) No.        2016L001531
)            CALENDAR/ROOM F
v. )            TIME 00:00
)            Medical Malpractice
GIOVANNI CURCIO, M.D., )
)        *Plaintiff Demands a Trial by Six-*
Defendant. )        *Person Jury.*

## COMPLAINT AT LAW

### COUNT I - MEDICAL NEGLIGENCE

Plaintiffs, HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, by and through their attorneys, TOMASIK KOTIN KASSERMAN, LLC, complaining of the Defendant, GIOVANNI CURCIO, M.D. (hereinafter "CURCIO"), and state as follows:

1.      On and before August 29, 2015, Defendant, CURCIO, was a physician duly licensed to practice medicine in the State of Illinois specializing in obstetrics and gynecology.

2.      On and before August 29, 2015, Defendant, CURCIO, practiced obstetrics and gynecology in Cook County at Westlake Community Hospital and Gottlieb Memorial Hospital.

3.      On and before August 29, 2015, Defendant, CURCIO, maintained a residence in Chicago, Cook County, Illinois.

4.      On August 28, 2015, Plaintiff, LIAM BACH CRNECKI was born at Adventist Bolingbrook Hospital and passed a normal newborn exam.

5.      On August 29, 2015, Plaintiff, LIAM BACH CRNECKI underwent a circumcision procedure using a clamp performed by Defendant, CURCIO, at Adventist Bolingbrook Hospital.

6.    On August 29, 2015, during the circumcision procedure, Defendant, CURCIO, amputated

a portion of LIAM BACH CRNECKI's penis.

7.    On and before August 29, 2015, Defendant, CURCIO, had the duty to possess and use the

knowledge, skill, and care ordinarily used by a reasonably careful physician under similar

circumstances.

8.    On and before August 29, 2015, Defendant, CURCIO, was negligent in the following

respects:

   a.    Failed to adequately examine the glans (head) of the penis and foreskin for
         the presence of adhesions and synechiae prior to circumcision;

   b.    Failed to adequately remove adhesions and synechiae located between the
         foreskin and the glans (head) of the penis prior to the application of the
         clamp.

   c.    Failed to implement the appropriate surgical technique during the
         circumcision;

   d.    Failed to properly use the clamp in performing the circumcision;

   e.    Amputated the glans of the penis while using the clamp;

   f.    Failed to protect the penis from injury; and/ or

   g.    Cut tissue from a patient's body without first determining what he was
         cutting.

9.    As a direct and proximate result of one or more of the aforesaid negligent acts or omissions

of Defendant, Plaintiff, LIAM BACH CRNECKI, sustained injuries of a personal and pecuniary

nature.

    WHEREFORE, the Plaintiffs, HRVOJE CRNECKI, as Father and Next Friend of LIAM

BACH CRNECKI, a Minor, request judgment against the Defendant, GIOVANNI CURCIO,

M.D., in an amount of money in excess of the minimum amount required for jurisdiction in the

Law Division of the Circuit Court of Cook County, Illinois.

## COUNT II - MEDICAL NEGLIGENCE - RES IPSA LOQUITUR

Plaintiffs, HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, by and through their attorneys, TOMASIK KOTIN KASSERMAN, LLC, complaining of the Defendant, GIOVANNI CURCIO, M.D. (hereinafter "CURCIO"), and state as follows:

1-9.  Plaintiffs adopt and realize the allegations contained in Paragraphs 1-9 of Count I as Paragraphs 1-9 of this their Count II.

10.  On August 29, 2015, while the clamp was under the exclusive management and control of Defendant, CURCIO, Plaintiff, DANIEL R. BURDEN, suffered injuries of a personal and pecuniary nature.

11.  In the normal or ordinary course of events, the amputation of the glans (head) of the penis would not have occurred, had Defendant, CURCIO, used a reasonable professional standard of care while the clamp was under his management and control.

12.  While the clamp was under the defendant's exclusive control and management and as a direct and proximate result of defendant's negligence, Plaintiff, LIAM BACH CRNECKI, suffered injuries.

WHEREFORE, the Plaintiffs, HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, request judgment against the Defendant, GIOVANNI CURCIO, M.D., in an amount of money in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT III - FAMILY EXPENSE ACT

Plaintiffs, HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor, by and through their attorneys, TOMASIK KOTIN KASSERMAN, LLC, complaining of the Defendants, GIOVANNI CURCIO, M.D. (hereinafter "CURCIO") state as follows:

3

1-9.    Plaintiffs adopt and reallege the allegations contained in Paragraphs 1-9 of Count I as

Paragraphs 1-9 of this their Count III. .

10.    On August 29, 2015, Plaintiff HRVOJE CRNECKI, was the father and legal

guardian of LIAM BACH CRNECKI, a minor.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, CURCIO, Plaintiff HRVOJE CRNECKI, father of LIAM BACH

CRNECKI, became obligated for various hospital and medical expenses and is entitled to recover

the amount of those expenses pursuant to 750 ILCS 65/15, commonly known as the Family

Expense Act.

WHEREFORE, the Plaintiffs, HRVOJE CRNECKI, as Father and Next Friend of LIAM

BACH CRNECKI, a Minor, request judgment against the Defendant, GIOVANNI CURCIO,

M.D., in an amount of money in excess of the minimum amount required for jurisdiction in the

Law Division of the Circuit Court of Cook County, Illinois.

One of Plaintiffs' Attorneys

Timothy S. Tomasik
Philip P. Terrazzino
Attorneys for Plaintiffs
TOMASIK KOTIN KASSERMAN, LLC
10 S. LaSalle Street, Suite 2920
Chicago, Illinois 60603
(312) 605-8800
(312) 605-8808 Fax
tim@tkklawfirm.com
phil@tkklawfirm.com
www.tkklawfirm.com
Firm I.D. No. 56323

4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

HRVOJE CRNECKI, as Father and Next )
Friend of LIAM BACH CRNECKI, a Minor, )
                                       )
Plaintiffs,                            )
                                       )
        v.                             )          No.
                                       )
GIOVANNI CURCIO, M.D.,                 )
                                       )
        Defendant.                     )

## RULE 222(b) AFFIDAVIT

I, TIMOTHY S. TOMASIK, state under oath:

·1.     I am an attorney associated with TOMASIK KOTIN KASSERMAN, LLC, and am responsible for filing the Complaint at Law in this matter.

2.      The total money damages sought by Plaintiff does exceed $50,000.00, exclusive of interest and costs.

_____
TIMOTHY S. TOMASIK

Subscribed and Sworn to before me
this 11th day of February, 2016.

_____
Notary Public

OFFICIAL SEAL
SHAYNA M REVER
Notary Public - State of Illinois
My Commission Expires Feb 5, 2017

Timothy S. Tomasik
Philip P. Terrazzino
TOMASIK KOTIN KASSERMAN, LLC
10 South LaSalle Street, Suite 2920
Chicago, Illinois 60603
(312) 605-8800
(312) 605-8808 Fax
Firm I.D. No. 56323
tim@tkklawfirm.com
phil@tkklawfirm.com
www.tkklawfirm.com

# Exhibit B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in Hrvoje Crnecki, as Father and Next Friend of Liam Bach Crnecki, a Minor v. Giovanni Curcio, M.D., No. 16 L 1531 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Visiting Nurse Association of Fox Valley a/k/a VNA Health Care was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Giovanni Curcio, M.D., was acting within the scope of his employment at the Visiting Nurse Association of Fox Valley with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Giovanni Curcio, M.D., is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

<div style="margin-left: 50%;">

s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
    for the Northern District of Illinois

</div>

Date: July 20, 2016

JS 44 (Rev. 07/13/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HRVOJE CRNECKI, as Father and Next Friend of LIAM BACH CRNECKI, a Minor

## DEFENDANTS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff    Unknown
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Cook County, IL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Timothy S. Tomasik, Tomasik Kotin Kassermann, LLC, 10 South LaSalle Street, Suite 2920, Chicago, IL 60603, 312.605.8800

Attorneys *(If Known)*

SAUSA Jaret R. Fishman, USAO-N.D. IIL, 219 S. Dearborn St., Chicago, IL 60604, 312.886.9082 (Attorney for United States)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.
Removal under 42 U.S.C. § 233

## VII. Previous Bankruptcy Matters
For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

## IX. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE   Johnson (Cook County, IL)

DOCKET NUMBER   2016 L 001531 (Circuit Court of Cook County, IL)

## X. This case *(check one box)* ☒ Is not a refiling of a previously dismissed action    ☐ is a refiling of case number _____ previously dismissed by Judge _____

DATE 7/26/2016

SIGNATURE OF ATTORNEY OF RECORD S/ Jaret R. Fishman

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III.  Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  Origin. Place an "X" in one of the six boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.  Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.  Previous Bankruptcy Matters. For nature of suit 422 and 423 enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this court. Use a separate attachment if necessary.

VIII.  Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

IX.  Related Cases. This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

X.  Refiling Information. Place an "X" in one of the two boxes indicating if the case is or is not a refiling of a previously dismissed action. If it is a refiling of a previously dismissed action, insert the case number and judge.

Date and Attorney Signature. Date and sign the civil cover sheet.

Rev. I - 04/13/2016